UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY T. STRAUSS, derivatively on behalf of AFFILIATED COMPUTER SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. RICH, MARK A. KING, and AFFILIATED COMPUTER SERVICES, INC.,<br><br>Defendants. | Civil Action No._____ |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Jeffrey T. Strauss ("Strauss"), by its undersigned attorneys, complaining of defendants, alleges the following upon information and belief, except as to paragraph 1:

**THE PARTIES**

1. Plaintiff Strauss is a New York resident who is the owner of Class A common stock of Affiliated Computer Services, Inc. ("Affiliated" or the "Company").

2. Affiliated, a nominal defendant herein, is a Delaware corporation with its principal place of business at 2828 North Haskell Avenue, Dallas, Texas 75204.

3. Defendant Jeffrey A. Rich ("Rich"), is the former Chief Executive Officer and a former director of the Company, having resigned effective September 29, 2005. Pursuant to an agreement with the Company, Rich continues to serve as an employee of

the Company and maintains an office at the Company's headquarters located at 2828 North Haskell Avenue, Dallas, Texas 75204.

4. Defendant Mark A. King ("King") is the President and Chief Executive Officer and is a director of the Company. King maintains an office at the Company's headquarters located at 2828 North Haskell Avenue, Dallas, Texas 75204.

## JURISDICTION AND VENUE

5. This action is brought derivatively on behalf of Affiliated pursuant to §16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)" or "Section 16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78(a)(a).

## THE GOVERNING LAW

6. Section 16(b) of the Exchange Act provides that if a person, who is an officer or director of an issuer of a class of registered equity securities, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

7. SEC Rule 16b-3(d) provides an exemption for "transactions between an issuer and its officers or directors" if the transaction satisfies certain conditions. The Rule requires, *inter alia*, that the Board or a committee of non-employee directors of the Board approve the transaction in advance and in good faith, as a gate-keeper, with an eye toward preventing speculative abuse by its officers and directors. The Securities and

Exchange Commission noted in the Release proposing the Rule that it sought to craft a rule that, consistent with the statutory purpose of Section 16(b), erected meaningful safeguards against the abuse of inside information by officers and directors without impeding their participation in legitimate compensatory transactions. Ownership Reports and Trading by Officers, Directors and Principal Stockholders, Exchange Act Release No. 36356, 60 Fed. Reg. 53832, 53835, 60 SEC Docket 1393, 1396, 1995 WL 597472 at *3, *7 (Oct. 11, 1995).

## BACKKGROUND

8.  On or about March 6, 2006, the Company filed a Form 8-K with the Securities and Exchange Commission reporting that the SEC was conducting an investigation into the Company's option grant practices for the period from October 1998 through March 2005. In light of the SEC's investigation and based upon a review of options granted by the Company to Rich and King in 2000 and 2002, the 2000 and 2002 grants were improperly backdated to improperly reflect a grant date on which the Company's stock price was lower than on the actual grant date in order to improperly grant options with a lower exercise price. Rich was granted options to purchase 100,000 shares effective July 11, 2000 at an exercise price of $32.875 per share; Rich was granted additional options to purchase 400,000 shares effective July 23, 2002 at an exercise price of $35.75 per share; and King was granted options to purchase 200,000 shares effective July 23, 2002 at an exercise price of $35.75 per share. Each of these grants was improperly backdated to improperly take advantage of historically low trading prices of the Company's stock.

9. Rich and King caused the Company to improperly price the stock options to benefit themselves. In particular, the artificial grant dates provided Rich and King with lower exercise prices. Because the Company used artificial grant dates, these stock option grants were not granted in conformance with the requirements of the Company's stock option plans and were not properly approved by the Company under SEC Rule 16b-3(d). Under SEC Rule 16b-6(a) and (c), these option grants are therefore deemed to be purchases of the same number of shares underlying the options at a price per share equal to the market price on the actual date of the grants. These purchase prices are believed to be $33.25 in the case of the option granted effective July 11, 2000 and $37.00 in the case of the options granted effective July 23, 2002.

10. During the period of 2000 through 2002, Rich and King engaged in sales of the Company's stock at various times that occurred within six months of the improper Option Grants set forth above. These sale transactions took place within the statutory six month short-swing profit period prescribed by Section 16(b). More particularly, Rich sold at least 100,000 shares within the six-month statutory period of the July 2000 option grant at prices ranging between $46 and $64 per share, garnering short-swing profits of at least $3 million; and sold 208,000 shares between January 29, 2002 and January 21, 2003 at prices ranging between $44 and $56, garnering short-swing profits of at least $3 million. King sold 72,000 shares between May 21, 2002 and January 22, 2003 at prices ranging between $49 and $55, garnering short-swing profits of at least $1.1 million.

11. Rich and King reported the foregoing option grants in Form 4 and Form 5 filings with the SEC, wherein they assert that these option grants were exempt from the statute under SEC Rule 16b-3(d). 17 C.F.R. § 240.16b-3(d)(1). Because the options

were not granted in accordance with the terms of the governing options plans and were improperly backdated, this exemption is unavailable.

## DEFENDANTS' OPTION GRANTS ARE NON-EXEMPT PURCHASES UNDER SECTION 16(b)

12. Because the option grants referred to above were not properly approved by the Company's Compensation Committee, these option grants are not exempt under SEC Rule 16b-3(d) and constitute non-exempt purchases under Section 16(b). *See, Gryl v. Shire Pharmaceuticals Group PLC*, 298 F. 3d 136,141 (2d Cir. 2002).

## AS AND FOR A CLAIM FOR RELIEF

13. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. At all relevant times, each of Rich and King was an officer or director of the Company.

15. Under Section 16(b), the option grants received by Rich and King were purchases, and are matchable with the respective sales made by Rich and King within the six-month statutory period.

16. As a result, Rich garnered short-swing profits in excess of $6 million, which is subject to disgorgement; and King garnered short-swing profits in excess of $1.1 million, which is subject to disgorgement.

## ALLEGATION AS TO DEMAND

17.     Plaintiff has not made demand on the Company to commence this action because such demand would be futile.  Defendants control the Company and its Board of Directors, and it is believed that they will not take action against their own interests. Moreover, prompt action is required to avoid a possible bar to the claims asserted herein under the governing two year statute of limitations.

**WHEREFORE**, plaintiff demands judgment on behalf of Affiliated Computer Services, Inc. against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: Wilmington, Delaware
　　　　May 16, 2006                                    FERRY, JOSEPH & PEARCE, P.A.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Theodore J. Tacconelli (No. 2678)
　　　　　　　　　　　　　　　　　　　　　　　　　　　824 Market Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 904, P.O. Box 1351
　　　　　　　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 109899
　　　　　　　　　　　　　　　　　　　　　　　　　　　(302) 575-1555
　　　　　　　　　　　　　　　　　　　　　　　　　　　Local Counsel for Plaintiff


OF COUNSEL:

PAUL D. WEXLER, ESQ.
BRAGAR WEXLER & EAGEL, P.C.
885 Third Avenue
New York, New York 10022
(212) 308-5858

　-and-

GLENN F. OSTRAGER, ESQ.
OSTRAGER CHONG FLAHERTY
 & BROITMAN P.C.
250 Park Avenue
New York, New York 10177-0899

Counsel for Plaintiff

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JEFFREY T. STRAUSS, derivatively on behalf of AFFILIATED COMPUTER SERVICES, INC.,

(b) County of Residence of First Listed Plaintiff  NA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Theodore J. Tacconelli, Esq., Ferry, Joseph & Pearce, 824 Market St., P.O. Box 1351, Wilmington, DE 19899 (302) 575-1555

## DEFENDANTS
JEFFREY A. RICH, MARK A. KING, and AFFILIATED COMPUTER SERVICES, INC.,

County of Residence of First Listed Defendant  NA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 78p [Section 16(b)]
Brief description of cause:
Derivative Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: May 16, 2006
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-318

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__5/16/06__
(Date forms issued)

_____
(Signature of Party or their Representative)

__Theodore Tacconelli__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action