IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY T. STRAUSS, derivatively on behalf of AFFILIATED COMPUTER SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY A. RICH, MARK A. KING, and AFFILIATED COMPUTER SERVICES, INC., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> :     Civil Action No. 06-318 (SLR) <br> : <br> : <br> : <br> : <br> : <br> : |

**NOMINAL DEFENDANT AFFILIATED COMPUTER SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Nominal defendant Affiliated Computer Services, Inc. ("ACS" or the "Company") hereby joins in the arguments made in support of the motion to dismiss the Complaint filed by the Individual Defendants, except that ACS takes no position on the arguments raised by the Individual Defendants relating to the statute of limitations. In addition, and as explained further below, ACS respectfully requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to comply with the demand requirements of Section 16(b) of the 1934 Securities Exchange Act ("Section 16(b)").

1. Section 16(b) allows a stockholder to seek the disgorgement of alleged short-swing profits *only if* the stockholder first demands that the company bring suit to recover those profits, and the company thereafter fails or refuses to bring such suit within sixty days of the request. See 15 U.S.C. § 78p(b) (2000); see also Dreiling v. Am.

Express Co., No. 04-35715, 2006 WL 2337451, at *2 (9th Cir. Aug. 14, 2006); Seinfeld v. Hosp. Corp. of Am., 685 F. Supp. 1057, 1059 (N.D. Ill. 1988) (holding that a stockholder may "bring a §16(b) suit on behalf of the corporation, provided that he first makes a demand of the corporation to institute the suit and the corporation fails to do so"). Failure to make this statutorily mandated demand results in dismissal of any lawsuit premised on Section 16(b) liability. See, e.g., Kanbar v. U.S. Healthcare, Inc., Civ. A. No. 89-5543, 1989 WL 136522 (E.D. Pa. Nov. 8, 1989) (dismissing a Section 16(b) claim where the complaint fails to allege that demand was made on the corporation's board), aff'd mem., 908 F.2d 96 (3d Cir. 1990).

2.   In Heit v. Gulf and Western Indus., Inc., former Chief Judge Caleb Wright acknowledged the important policy underpinnings of the conditions precedent to a stockholder's right to sue under Section 16(b), noting that:

> The statute grants the corporation the right of action, and to permit security holders to sue in derogation of the statutory preconditions not only flies in the face of the statutory language but also deprives the corporation of the right to conduct its own litigation and subjects it to the possibility of a multiplicity of suits. Thus, in the context of [Section 16(b)], it is not 'technical' to require that the plaintiff refrain from bringing suit until §16(b) grants him the right to do so. It is merely following the statutory policy.

321 F. Supp. 921, 923 (D. Del. 1971) (quoting Henns v. Schneider, 132 F. Supp. 60, 62-63 (S.D.N.Y. 1955)); see also Colan v. Monumental Corp., 524 F. Supp. 1023, 1027–28 (N.D. Ill. 1981) ("[t]he demand requirement allows a corporation to . . . activate intracorporate remedies . . . . [T]he corporation is left to clean its own house, free from judicial entanglements; and the courts are relieved of the burden of prematurely resolving intracorporate disputes.") (citations omitted).

2

3.  Here, Plaintiff admits that he failed to make a demand on the ACS board before filing his lawsuit. (Compl. ¶ 17). The failure to comply with the express statutory requirements of Section 16(b) alone warrants dismissal of his claim. See Heit, 321 F. Supp. at 923.

4.  Attempting to avoid this result, Plaintiff contends that he was excused from making demand on the ACS board because it would have been "futile" to do so.[1] Plaintiff offers two arguments in support of this contention; both are without merit.

5.  *First*, Plaintiff alleges that demand on the ACS board would have been futile because Rich and King "control the Company and its Board of Directors." (Compl. ¶ 17). In support of this contention, Plaintiff alleges only that Rich (at the time the complaint was filed) was an employee of ACS (Compl. ¶ 3), and that King was an officer and one of seven members of the board of directors (Compl. ¶ 4). Plaintiff does not allege the number of shares of ACS stock Rich and King own, or what percentage of the shareholder vote they are alleged to control. Plaintiff also does not explain how Rich (who is not a board member) and King are somehow able to "control" the seven-member ACS board of directors. Such conclusory allegations do not suffice to excuse demand. See, e.g., Morales v. Regent Techs., Inc., No. 98 CIV. 112(RO), 1998 WL 240490, at *1

---

[1] Some courts have refused to even consider a "demand futility" argument in the Section 16(b) context. See, e.g., Dreiling v. Am. Express Travel Related Servs. Co., 351 F. Supp. 2d 1077, 1084 (W.D. Wash. 2004, rev'd and remanded on other grounds, 2006 WL 233745 (9th Cir. Aug. 14, 2006); Colan v. Monumental Corp., 524 F. Supp. 1023, 1028 (N.D. Ill. 1981). Other courts – including this Court – have acknowledged that the demand requirement under Section 16(b) may be "excused" – as it might be in the context of a state law derivative claim brought pursuant to Rule 23.1 of the Federal Rules of Civil Procedure – if a plaintiff is able to show that making a demand would be no more than a futile gesture. See, e.g., DiLorenzo v. Edgar, No. Civ. 03-841-SLR, 2004 WL 609374, at *3 (D. Del. Mar. 24, 2004); Heit v. Katz, No. 77 Civ. 2584, 1978 WL 1083, at *3 (S.D.N.Y. Apr. 26, 1978); Weisman v. Spector, 158 F. Supp. 789, 790 (S.D.N.Y. 1958). Even in such circumstances, however, the plaintiff bears the burden of establishing that a demand on the corporation would have been futile. Weisman, 158 F. Supp. at 791.

3

(S.D.N.Y. May 12, 1998) (finding allegations of control insufficient where defendants were alleged only to be officers and directors of the company and beneficial owners of more than 10% of the corporation's stock, but not controlling stockholders). See also Khanna v. McMinn, No. Civ.A. 20545-NC, 2006 WL 1388744, at *15 (Del. Ch. May 9, 2006) ("Conclusory, across-the-board allegations of a lack of independence will not prevail; allegations of this type are akin to the 'shorthand shibboleth' which this Court has long-rejected.").

6. *Second*, Plaintiff suggests that demand is excused because "prompt action is required to avoid a possible bar to the claims asserted . . . under the governing two year statute of limitations." (Compl. ¶ 17). Like Plaintiff's "control" allegations, this bald assertion too is unsupported by any facts alleged in the Complaint. Moreover, while limitations concerns have – on certain occasions – allowed plaintiffs to initiate a Section 16(b) lawsuit *after making demand*, but before the expiration of the sixty day waiting period,[2] there is no authority for the proposition that demand can be "excused entirely where the complaint raises the possibility that there would be insufficient time under the statute of limitations to sue . . . ." See, e.g., Peter J. Romeo & Alan L. Dye, The Section 16 Deskbook 407 (2006).[3]

---

[2] See, e.g., Morales v. Mylan Labs., Inc., 443 F. Supp. 778, 780 (W.D. Pa. 1978).

[3] ACS recognizes that this Court has previously excused demand on control and timing grounds. See DiLorenzo v. Edgar, No. Civ. 03-841-SLR, 2004 WL 609374 (D. Del. Mar. 24, 2004). That case, however, is distinguishable. *First*, unlike DiLorenzo, Plaintiffs have not alleged any facts to support their allegations of control. DiLorenzo, 2004 WL 609374, at *4 (finding defendants controlled board for demand futility purposes where plaintiffs alleged that defendants represented four of eleven board members, and collectively owned 37.8% of the corporation's stock). *Second*, the Court's concern over "timing" in DiLorenzo had nothing to do with the relevant statute of limitations in that case, but rather that the shareholder plaintiff's shares were going to be cancelled as the result of a pending merger – a consideration wholly absent from this case. Id.

7.      For these reasons, ACS respectfully contends that the Complaint should be dismissed for failure to state a claim.[4]

Respectfully submitted,

/s/ Edward B. Micheletti
Edward P. Welch (I.D. # 671)
Edward B. Micheletti (I.D. # 3794)
Nicole A. DiSalvo (I.D. # 4662)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for Affiliated Computer
Services, Inc.

DATED: August 17, 2006

---

[4] Most courts, including this Court, consider the demand requirement under Section 16(b) to be distinct from the demand requirement invoked in derivative lawsuits under Rule 23.1 of the Federal Rules of Civil Procedure. See, e.g., Weiss v. Temporary Inv. Fund, Inc., 516 F. Supp. 665, 669 n.8 (D. Del. 1981) (noting that "section 16(b), by express language, creates its own demand requirement"); Colan v. Monumental Corp., 524 F. Supp. 1023, 1028 (N.D. Ill. 1981) (noting the Section 16(b) demand requirement is fundamentally different from the Rule 23.1 demand requirement). See also, Kaplan v. Peat, Marwick, Mitchell & Co., 529 A.2d 254, 261-262 (Del. Ch. 1987), rev'd, 540 A.2d 726 (Del. 1988); rev'd on other grounds (same). To the extent the Court considers the demand issues raised here pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the same reasons set forth above would warrant dismissal under that rule as well.

## CERTIFICATE OF SERVICE

I, Edward B. Micheletti, hereby certify that on August 17, 2006 a copy of the Motion to Dismiss, Affiliated Computer Services, Inc.'s Memorandum in Support of its Motion to Dismiss and Proposed Order was served electronically by CM/ECF upon the following counsel of record:

Allen M. Terrell, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Norman M. Monhait, Esquire
ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19801

Theodore J. Tacconelli, Esquire
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street
P.O. Box 1351
Wilmington, DE 19899

/s/ Edward B. Micheletti
Edward P. Welch (I.D. No. 671)
Edward B. Micheletti (I.D. No. 3794)
Nicole A. DiSalvo (I.D. No. 4662)
Skadden, Arps, Slate, Meagher
  & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000