## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY T. STRAUSS, derivatively on behalf of AFFILIATED COMPUTER SERVICES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-318-SLR |
| JEFFREY A. RICH, MARK A. KING, and AFFILIATED COMPUTER SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## INDIVIDUAL DEFENDANTS JEFFREY A. RICH AND MARK A. KING'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Allen M. Terrell (No. 709)
*Terrell@rlf.com*
Gregory P. Williams (No. 2168)
*Williams@rlf.com*
Lisa Zwally Brown (No. 4328)
*LBrown@rlf.com*
Blake K. Rohrbacher (No. 4750)
*Rohrbacher@rlf.com*
Richards, Layton and Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700
*Attorneys for Defendants Jeffrey A. Rich and Mark A. King*

Dated: October 25, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ................................................................................................................................2

I.     PLAINTIFF CANNOT ESTABLISH EQUITABLE TOLLING
       BECAUSE THE INDIVIDUAL DEFENDANTS FILED FORM 4S ...................................2

II.    PLAINTIFF FAILS TO STATE A CLAIM BECAUSE THE
       INDIVIDUAL DEFENDANTS' TRANSACTIONS WERE
       EXEMPT UNDER
       RULE 16B-3(D).................................................................................................................5

III.   PLAINTIFF MAY NOT AMEND HIS COMPLAINT BECAUSE HE DID
       NOT MAKE A FORMAL MOTION TO AMEND AND HE FAILED
       TO SUBMIT A DRAFT AMENDED COMPLAINT TO THE COURT. ...........................7

CONCLUSION ...........................................................................................................................10

i

## TABLE OF AUTHORITIES

### CASES

*Dreiling v. Am. Express Travel Related Servs. Co., Inc.*,
351 F. Supp. 2d 1077 (W.D. Wash. 2004)...................................................................................4

*Foremost-McKesson, Inc. v. Provident Sec. Co.*,
423 U.S. 232 (1976).......................................................................................................................7

*Greenwood v. U.S.*,
350 U.S. 366 (1956).......................................................................................................................6

*Hedges v. U.S.*,
404 F.3d 744 (3d Cir. 2005).................................................................................................2, 3, 4

*Lake v. Arnold*,
232 F.3d 360 (3d Cir. 2000)........................................................................................................8

*Litzler v. CC Invs., L.D.C.*,
362 F.3d 203 (2d Cir. 2004).......................................................................................................4

*Magma Power Co. v. Dow Chem. Co.*,
136 F.3d 316 (2d Cir. 1998).......................................................................................................7

*Morales v. Executive Telecard, Ltd.*,
C.A. No. 95-10202-KMW, 1998 WL 314734
(S.D.N.Y. June 12, 1998).............................................................................................................4

*Podobnik v. U.S. Postal Serv.*,
409 F.3d 584 (3d Cir. 2005).......................................................................................................2

*Ramsgate Court Townhome Ass'n v. W. Chester Borough*,
313 F.3d 157 (3d Cir. 2002)...................................................................................................7, 8

*Ranke v. Sanofi-Synthelabo Inc.*,
436 F.3d 197 (3d Cir. 2006)...................................................................................................7, 8

*Rosen ex rel. Egghead.Com, Inc. v. Brookhaven Capital Mgmt., Co. Ltd.*,
179 F. Supp. 2d 330 (S.D.N.Y. 2002).......................................................................................4

*Stepnowski v. Comm'r*,
456 F.3d 320 (3d Cir. 2006).......................................................................................................5

RLF1-3070730-3

*Tristar Corp. v. Freitas*,
84 F.3d 550 (2d Cir. 1996) .................................................................................................... 4

*Whittaker v. Whittaker Corp.*,
639 F.2d 516 (9th Cir. 1981) ............................................................................................. 4, 5

## STATUTES

15 U.S.C. § 78p(b) .......................................................................................................... 2, 6

17 C.F.R. § 240.16b-3 ..................................................................................................... 5, 6

Individual Defendants Jeffrey A. Rich and Mark A. King, by and through their undersigned attorneys, submit this reply brief in support of their Motion to Dismiss, and respectfully respond as follows.

## PRELIMINARY STATEMENT[1]

In response to Plaintiff's Memorandum of Law in Opposition to Motions to Dismiss ("Plaintiff's Memorandum" or "PM"), the Individual Defendants set forth the following three points, which will be explained in detail below.

1.      The statute of limitations on Plaintiff's claims has run, but Plaintiff contends that he is eligible for equitable tolling. He cannot establish his eligibility because he has not shown that the Individual Defendants actively misled him or that he exercised due diligence in preserving his claim. The cases he cited also do not support his argument, because they only tolled the statute when defendants completely failed to file their Section 16(a) disclosure reports.

2.      Plaintiff contends that his claims should not be dismissed because this Court should read "transaction" to mean something other than "transaction." But the plain text of the statute and the rules contains no such indication. Section 16(b) is a strict-liability statute that should be construed according to its terms.

3.      Plaintiff requests leave to amend his Complaint, but this Court should deny that request because Plaintiff failed to make a formal motion to amend and failed to supply a draft amended Complaint. Moreover, any amendment to Plaintiff's Complaint would be futile.

---

[1] Capitalized terms shall have the same meaning as defined in the Individual Defendants' Opening Brief in Support of Their Motion to Dismiss (the "Opening Brief").

## ARGUMENT

### I.    PLAINTIFF CANNOT ESTABLISH EQUITABLE TOLLING BECAUSE THE INDIVIDUAL DEFENDANTS FILED FORM 4s.

While the Individual Defendants have the burden of persuasion on a motion to dismiss,[2] Plaintiff has the burden of establishing equitable tolling.[3]  Plaintiff cannot meet his burden for several reasons.

First, equitable tolling "is an extraordinary remedy which should be extended only sparingly."[4]  It is not a remedy that applies every time a plaintiff realizes that the statute of limitations has passed.

Suits under Section 16(b) may not be brought "more than two years after the date [a short-swing] profit was realized."[5]  Plaintiff alleges that Rich and King sold shares, at the latest, in January 2003.  (Compl. ¶ 10).  Even assuming Plaintiff's allegations to be true, the statute of limitations ran in January 2005, more than a year before Plaintiff's Complaint was filed. Plaintiff has failed to bring suit in a timely fashion, and the "extraordinary remedy" of equitable tolling does not apply as a matter of form.  Plaintiff must show that it should apply, and he has not done so.

Second, equitable tolling is appropriate in "three principal situations:"[6] "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3)

---

[2] *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).

[3] *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

[4] *Hedges*, 404 F.3d at 751.

[5] 15 U.S.C. § 78p(b).

[6] *Podobnik*, 409 F.3d at 591.

2

where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[7]
Plaintiff cannot argue that he has been "prevented from asserting" his rights in "some
extraordinary way." The third situation does not apply on its face. Thus, Plaintiff is trying to
establish that he falls under the first situation, whereby the Individual Defendants "actively
misled" him respecting his cause of action. To this end, he claims that the Individual Defendants
incorrectly designated their option grants on the Form 4s -- designating them with an "A,"
indicating a grant, instead of a "P," indicating that they were "an open market or private
purchaser of non-derivative or derivative security.[8]"

This is not a case of active misleading; it is merely a case of disagreement. The
Individual Defendants do not concede that the option-grant designations were incorrect. The
Individual Defendants believed then and continue to maintain that the transactions are exempt
under Rule 16b-3(d). Assuming that Plaintiff disputes the Individual Defendants' interpretation
of Rule 16b-3(d), this does not create a claim of active concealment.

Plaintiff suggests that the Individual Defendants should have designated the transactions
as "P," because at some future time the Individual Defendants' argument may be proven
incorrect in a court of law. But this Court should not penalize the Individual Defendants for
designating the transactions as they viewed them then and now -- as exempt under Rule 16b-
3(d). Plaintiff can only establish active misleading if he is also able to prevail on his argument
with regard to the exempt status of these transactions, and this Court should not countenance his
attempt to bootstrap himself into equitable tolling. Moreover, even if Plaintiff could show that

---

[7] *Hedges*, 404 F.3d at 751 (internal quotation marks omitted).

[8] PM at 10.

the Individual Defendants actively misled him, he still must show -- which he has failed to do -- that he exercised "due diligence in preserving his claim."[9]

None of Plaintiff's cases stand for the proposition for which he cites them. Building on his argument that the now-disputed designation on the Form 4s rendered the Forms incorrectly filed, Plaintiff argues that the Section 16(b) statute of limitations is tolled "by the defendants' failure to make accurate disclosure in their SEC Form 4 and Form 5 filings concerning their option grants."[10] But the Second and Ninth Circuit cases he cites do not support that proposition; they hold only that a complete *failure to file* Section 16(a) reports will toll the limitations period.[11] In fact, all of the cases he cited in that section of his brief deal only with defendants who failed to file the reports.[12] Plaintiff admits that the Individual Defendants filed their Form 4s with the SEC. (Compl. ¶ 11). His disagreement with the Individual Defendants over whether the Rule 16b-3(d) exemption applies cannot negate the fact that the Individual Defendants filed

---

[9] *Hedges*, 404 F.3d at 751 (internal quotation marks omitted).

[10] PM at 2.

[11] *See, e.g., Litzler v. CC Invs., L.D.C.*, 362 F.3d 203, 208 (2d Cir. 2004) ("We hold that the incentives of Section 16 are best served if tolling is triggered by noncompliance with the disclosure requirements of Section 16(a) through *failure to file* a Form 4.") (emphasis added); *Whittaker v. Whittaker Corp.*, 639 F.2d 516, 534 (9th Cir. 1981) ("Thus, since reports of the transactions in question here *were not filed*, William's liability is not cut off by the limitation period.") (emphasis added).

[12] *See Tristar Corp. v. Freitas*, 84 F.3d 550, 553 (2d Cir. 1996) (noting that "[t]he defendants failed to make the requisite filings with the Commission" until after the two-year limitations period had passed); *Dreiling v. Am. Express Travel Related Servs. Co., Inc.*, 351 F. Supp. 2d 1077, 1083 (W.D. Wash. 2004) ("Because TRS failed to file reports required by Section 16(a), the two-year statute of limitations is tolled under *Whittaker*."), *rev'd on other grounds*, 458 F.3d 942 (9th Cir. 2006); *Rosen ex rel. Egghead.Com, Inc. v. Brookhaven Capital Mgmt., Co. Ltd.*, 179 F. Supp. 2d 330, 339 (S.D.N.Y. 2002) ("Since the defendants do not dispute that they have never filed Form 4s as required by § 16(a), they are not entitled to invoke the statute of limitations contained in § 16(b)."); *Morales v. Executive Telecard, Ltd.*, C.A. No. 95-10202-KMW, 1998 WL 314734, at *3 (S.D.N.Y. June 12, 1998) (holding that the two-year limitations period did not bar plaintiff's claims "because Network still has not filed its Form 4s for any of the 1993 transactions").

4

their reports. As the Ninth Circuit stated in *Whittaker*, "[t]he two-year period for § 16(b) begins to run when the transactions are disclosed in the insider's § 16(a) report."[13]   The Individual Defendants disclosed the transactions in their Section 16(a) reports, and therefore the two-year limitations period ran long before Plaintiff's Complaint was filed.

Plaintiff thus has not met his burden to establish equitable tolling, and he cannot deny that Individual Defendants filed their Section 16(a) disclosure reports. Plaintiff's distortion of the *Whittaker* and *Litzler* cases notwithstanding, those cases do not support his argument and do not hold that Plaintiff's statute of limitations was tolled. This Court should therefore dismiss Plaintiff's suit as time-barred.

## II.    PLAINTIFF FAILS TO STATE A CLAIM BECAUSE THE INDIVIDUAL DEFENDANTS' TRANSACTIONS WERE EXEMPT UNDER RULE 16b-3(d).

Even if the Court determines that Plaintiff's suit is not barred by the statute of limitations, it should dismiss this case under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff contests the Individual Defendants' plain-text reading of Rule 16b-3(d).  The Individual Defendants note that subsection (d)(2) of SEC Rule 16b-3 ends with an "or,"[14] indicating that the Rule is written in the disjunctive.[15]   That is, if any one of the exemptions in Rule 16b-3(d) applies to the Individual Defendants, the challenged transactions are exempted from Section 16(b) liability.   The Individual Defendants argue that subsection (d)(3) -- which

---

[13] *Whittaker*, 639 F.2d at 530.

[14] 17 C.F.R. § 240.16b-3(d)(2).

[15] PM at 10; *see Stepnowski v. Comm'r*, 456 F.3d 320, 327 (3d Cir. 2006).

exempts securities held for more than six months -- applies to their transactions because they held the challenged unexercisable options for more than six months.[16]

Plaintiff contends that this Court must read the word "transaction" in Rule 16b-3(d) to mean a "*bona fide* transaction[] between the issuer and insiders where the SEC has determined there is a reduced opportunity for speculative abuse."[17]  Plaintiff tries to rely on legislative history to bolster his claim.  But as Justice Felix Frankfurter once said, "when the legislative history is doubtful, go to the statute."[18]  Here, the statute is clear and the Court need not try to discover the statute's meaning from legislative history.

Section 16(b) provides that it "shall not be construed to cover . . . any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."[19]  Rule 16b-3(a) provides that "[a] transaction between the issuer . . . and an officer or director of the issuer that involves issuer equity securities shall be exempt from section 16(b) of the Act if the transaction satisfies the applicable conditions set forth in this section."[20]  Rule 16b-3(d) exempts "[a]ny transaction, other than a Discretionary Transaction, involving an acquisition from the issuer (including without limitation a grant or award), whether or not intended for a compensatory or other particular purpose," in which the securities acquired are held for more than six months.[21]

---

[16] Opening Brief at 10-11.

[17] PM at 3; *see also id.* at 21-22 (arguing that the SEC intended to exempt "only those transactions which were legitimate exercises of corporate will").

[18] *Greenwood v. U.S.*, 350 U.S. 366, 374 (1956).

[19] 15 U.S.C. § 78p(b).

[20] 17 C.F.R. § 240.16b-3(a).

[21] *Id.* § 240.16b-3(d).

Plaintiff tries to make the word "transaction" mean something other than "transaction," but that is not the implication of Section 16(b). "Section 16(b) operates mechanically, and makes no moral distinctions, penalizing technical violators of pure heart, and bypassing corrupt insiders who skirt the letter of the prohibition."[22] Section 16(b) is a strict-liability statute, but it operates only "within its narrowly drawn limits."[23] The Supreme Court noted in 1976 that it would be "inappropriate to reach the harsh result of imposing § 16(b)'s liability without fault on the basis of unclear language. If Congress wishes to impose such liability, we must assume it will do so expressly or by unmistakable inference."[24]

Plaintiff tries to amend the statute and the SEC Rules and Regulations, but because the Individual Defendants' transactions fall within the plain language of both, he cannot state a claim upon which relief can be granted. This Court should dismiss Plaintiff's claims under Rule 12(b)(6).

## III. PLAINTIFF MAY NOT AMEND HIS COMPLAINT BECAUSE HE DID NOT MAKE A FORMAL MOTION TO AMEND AND HE FAILED TO SUBMIT A DRAFT AMENDED COMPLAINT TO THE COURT.

In the last sentence of Plaintiff's Memorandum, Plaintiff requests leave to amend the Complaint if this "Court finds that [his] claims have not been sufficiently pled."[25] But Plaintiff is not entitled to an amendment for three reasons.

First, the Third Circuit Court of Appeals has at least twice held that a one-sentence request like Plaintiff's[26] does not constitute a sufficient motion to amend.[27] As the Third Circuit

---

[22] *Magma Power Co. v. Dow Chem. Co.*, 136 F.3d 316, 320-21 (2d Cir. 1998).

[23] *Foremost-McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 251 (1976).

[24] *Id.* at 252 (recognizing that "serving the congressional purpose does not require resolving every ambiguity in favor of liability under § 16(b)").

[25] PM at 27.

7

said earlier this year, if Plaintiff "had been in possession of facts that would have augmented [his] complaint and possibly avoided dismissal, [he] should have pled those facts in the first instance."[28] This Court has discretion to grant a motion for leave to amend, but -- with no formal motion before it -- the Court "ha[s] nothing upon which to exercise its discretion."[29]

Second, Plaintiff failed to supply a draft amended complaint to the Court. As the Third Circuit stated in 2000, "without [a] draft complaint, the District Court cannot evaluate the merits of a plaintiff['s] request."[30] That failure alone, the Third Circuit went on to hold, "would be an adequate basis on which the court could deny the plaintiff's request."[31]

Third, even if Plaintiff had complied with the two requirements described above, this Court has discretion to deny Plaintiff's request "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."[32] Because the statute of limitations has run (*see* Point I, *supra*), and because the Individual Defendants' transactions are exempted under Rule 16b-3(d) (*see* Point II, *supra*), any amendment of Plaintiff's Complaint would be futile.

---

[26] In full, Plaintiff's request reads: "However, in the event that the Court finds that the claims have not been sufficiently pled, plaintiff requests leave to amend to correct the deficiencies pursuant to Fed. R. Civ. P. 15." *Id.*

[27] *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006) (discussing a conclusory, two-sentence request similar to Plaintiff's); *Ramsgate Court Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) (discussing and dismissing a one-sentence request almost identical to Plaintiff's).

[28] *Ranke*, 436 F.3d at 206.

[29] *Ramsgate*, 313 F.3d at 161.

[30] *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000).

[31] *Id.*

[32] *Id.* at 373.

8

Therefore, this Court should deny Plaintiff's request due to his failure to make a formal motion to amend, his failure to supply a draft amended Complaint, and the futility of any amendment to the Complaint.

9

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that this Court dismiss the Complaint with prejudice as time-barred and for failure to state a claim pursuant to Rule 12(b)(6). The Individual Defendants also respectfully request that this Court deny Plaintiff's request for leave to amend his Complaint.

Allen M. Terrell (No. 709)
*Terrell@rlf.com*
Gregory P. Williams (No. 2168)
*Williams@rlf.com*
Lisa Zwally Brown (No. 4328)
*LBrown@rlf.com*
Blake K. Rohrbacher (No. 4750)
*Rohrbacher@rlf.com*
Richards, Layton and Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700
*Attorneys for Defendants Jeffrey A. Rich and Mark A. King*

Dated: October 25, 2006

10

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2006, I caused the foregoing to be electronically filed

with the Clerk of Court using CM/ECF which will send notification of such filing and by hand

delivery to the following:

> Theodore J. Tacconelli, Esquire
> Ferry, Joseph & Pearce, P.A.
> 824 Market Street, Suite 904
> P.O. Box 1351
> Wilmington, DE 19899
> (302) 575-1555
> ttacconelli@ferryjoseph.com

Lisa Zwally Brown (#4328)