# FERRY, JOSEPH & PEARCE, P. A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555
FAX (302) 575-1714

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER +
THOMAS R. RIGGS

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)

www.ferryjoseph.com

THOMAS HERLIHY, III
OF COUNSEL

ARTHUR F. DISABATINO
(1962-2001)

March 2, 2007

**BY HAND DELIVERY**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
844 N. King Street
Wilmington, DE 19801

    RE:    Jeffrey T. Strauss, et al. v. Affiliated Computer Services, Inc., et al.
              **C. A. No. 06-318-SLR**

Dear Judge Robinson:

      Please find enclosed a partially agreed proposed scheduling order for the above-referenced case. The areas of disagreement are: (1) Nominal Defendant ACS does not agree to production of documents relating to the investigation of Option Grants by its Special Committee [Par. 1]; and (2) the Individual Defendants do not agree to initial disclosure beyond specific Option Grants identified in the Complaint [Par. 2(ii)]. If Your Honor has any questions regarding the enclosed proposed scheduling order, counsel will be available at the convenience of the Court.

                                                    Respectfully,

                                                     THEODORE J. TACCONELLI

TJT/meh
Enclosure
  cc:    Edward P. Welch, Esquire (w/ encl.) (via facsimile)
           Edward B. Micheletti, Esquire (w/ encl.) (via facsimile)
           Nicole A. DiSalvo, Esquire (w/ encl.) (via facsimile)
           Allen M. Terrell, Esquire (w/ encl.) (via facsimile)
           Harry Tashjian, IV, Esquire (w/ encl.) (via facsimile)
           Glenn F. Ostrager, Esquire (w/ encl.) (via facsimile)
           Paul D. Wexler, Esquire (w/ encl.) (via facsimile)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY T. STRAUSS, derivatively, ) <br> on behalf of AFFILIATED COMPUTER ) <br> SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFREY A. RICH, MARK A. KING, ) <br> and SERVICES, INC., ) <br> ) <br> Defendants. | C. A. No. 06-318-SLR |

**O R D E R**

At Wilmington this ___ day of March 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26 (f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The Court ordered the parties to begin exchanging documents without formal discovery requests. In that regard, the parties will exchange by March 5, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16. 2, including the final report and supporting documents by or for the Special Committee of the Board of Directors of ACS regarding the company's stock option issuance practices. Affiliated

Computer Services, Inc. ("ACS") does not agree to the last proviso in this paragraph.

    2. **Discovery**.

    (a) Discovery will be needed on the following subjects:

> i.) Whether the Option Grants by the Company to Jeffrey A. Rich and Mark A. King (the "Individual Defendants") dated July 11, 2000, and July 23, 2002, constitute exempt or non-exempt "purchases" under Section 16(b), as alleged in the Complaint, without prejudice to any party's right to seek relevant discovery from other time periods.
>
> ii.) Whether Option Grants by the Company during the period October 1998 through March 2005 constitute exempt or non-exempt "purchases" under Section 16(b). The Individual Defendants do not agree to this sub-paragraph.
>
> iii.) Whether defendants Jeffrey A. Rich and Mark A. King (the "Individual Defendants") engaged in sales of the Company's stock within six months of the alleged improper Option

      Grants set forth above, whether the Board of Directors and/or the appropriate committee thereof approved those grants, and whether the Individual Defendants realized short-swing profits subject to disgorgement to the Company.

iv.) Whether the claims asserted in the Complaint are barred by the two year statute of limitations which governs claims under the statute.

v.) Whether statute of limitations is tolled for any reason, including the Individual Defendants' alleged failure to comply with reporting requirements under Section 16(a).

vi.) Whether the complaint should be dismissed by reason of Plaintiff's failure to make a demand on the board to commence this lawsuit.

vii.) Whether any agreement between the Company and any Defendant reduces or eliminates claims for any alleged damages.

(b) All discovery shall be commenced in time to be completed by <u>October 31, 2007</u>. All relevant

-3-

documents shall be produced thirty (30) days prior to the commencement of depositions, without prejudice to a party requesting additional documents arising from the depositions.

(c) Maximum of thirty (30) interrogatories by each party to any other party.

(d) Maximum of thirty (30) requests for admission by each party to any other party.

(e) Maximum of up to fifteen (15) depositions by plaintiff and up to fifteen (15) depositions by defendants. Depositions of non-party witnesses shall be completed by August 15, 2007. Depositions of party witnesses shall be completed by October 15, 2007.

(f) Each deposition limited to a maximum of six-and-a-half (6.5) hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by November 30, 2007. Rebuttal expert reports due by December 14, 2007.

(h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make

itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before June 30, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge _____ for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before November 30, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.  **Motions in limine.**  All motions in limine shall be filed on or before **[two weeks before pretrial conference]**.  All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

8.  **Pretrial Conference.**  A pretrial conference will be held on _____ at _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a 5 day bench/jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge