## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JEFFREY T. STRAUSS, derivatively on      :
behalf of AFFILIATED COMPUTER      :
SERVICES, INC.,      :
     :
         Plaintiff,      :
     :
         v.      :      Civil Action No. 06-318 (SLR)
     :
JEFFREY A. RICH, MARK A. KING, and      :
AFFILIATED COMPUTER SERVICES,      :
INC.,      :
     :
         Defendants.

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties involved in the above-captioned action (the "Action") are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to interrogatories and producing documents for inspection and copying;

WHEREAS, defendants are engaged in proprietary activities, and the company and its shareholders could be jeopardized or prejudiced if non-public financial data, business strategies, product or operational information or other highly sensitive confidential information or documents were disclosed publicly;

WHEREAS, the scope and breadth of personal and private information involved in this case, including personal bank account information, justifies additional precautions to protect against disclosure, and these discovery proceedings necessarily involve the production of certain information which the

parties believe to be confidential or highly confidential sensitive, personal, commercial, financial or business information;

WHEREAS, good cause exists for entry of this Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order"); and

WHEREAS, the entry of this Stipulation and Order will promote the fair and expeditious resolution of this litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties to this Action in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material"):

1. Any party providing Discovery Material (the "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party (the "Designating Party") in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). Any Producing Party may designate any Confidential Discovery Material as "Highly Confidential" under the terms of this Stipulation and Order if such party in good faith reasonably believes that such Discovery Material contains non-public highly personal, commercially

sensitive or proprietary information (including but not limited to personal financial

information and the types of information set forth in paragraph 7(a) – (i) below; trade

secrets; technical or customer information; financial, business, or marketing plans,

projections, strategies or analyses; and proposed strategic transactions or business

combinations); such that disclosure of the Confidential Discovery Material other

than as permitted pursuant to Paragraph 6 of this Stipulation and Order is

substantially likely to cause injury to the Producing Party.  Provided, however, that

Discovery Material that contains non-public information of Affiliated Computer

Systems, Inc. ("ACS") relating to compensation, ACS common stock, ACS stock

options, and ACS restricted stock of any current or former officer, director, or

employee of ACS or its subsidiaries or affiliates shall not be designated as Highly

Confidential but, subject to the provisions of paragraph 20 below, may be designated

as Confidential Discovery Material.

2.   The designation by any Producing Party of any Discovery Material as

Confidential or Highly Confidential shall constitute a representation that such

Discovery Material has been reviewed by an attorney for the Designating Party and

that there is a good faith belief that such designation is valid.

3.   Discovery Material, or information derived therefrom, shall be used

solely for purposes of the Action and shall not be used for any other purpose,

including, without limitation, any business or commercial purpose, or any

communications with, between or among stockholders not involved in the Action or

any third-party not involved in the Action.

4.  The designation of Discovery Material as Confidential or Highly Confidential for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

(a)    All documents or other materials produced by ACS to the Securities and Exchange Commission (or any other government agency), other than the categories of documents listed in paragraph 7 of this Stipulation (which shall be treated as Highly Confidential Discovery Material), shall be deemed to have been designated as Confidential Discovery Material.

(b)    In the case of documents or other materials (apart from depositions or other pretrial testimony, and the materials described in paragraph 4(a) above): by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material. In the case of multi-page documents bound together by staple or other permanent binding, the Confidential or Highly Confidential designation shall be stamped on each page of the document in order for the entire document to be treated as Confidential or Highly Confidential Discovery Material.  With respect to all such documents, the Producing Party shall use a bates number prefix which differs from those set forth on the documents described in paragraphs 4(a) above and 4(e) below.

(c)    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by such counsel to all parties within fourteen (14) business days after the complete transcript of the testimony has been provided to the deponent or counsel for the deponent; and in both of the foregoing instances, by directing the court reporter

4

that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Discovery Material.  All depositions and other pretrial testimony shall be treated as Highly Confidential until the expiration of fourteen (14) business days after the transcript of the testimony is received, after which time only such portions of the transcript as have been designated as set forth above shall be deemed Confidential or Highly Confidential Discovery Material, as the case may be.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.  A deponent or counsel for the deponent shall designate the provisions of the deponent's deposition transcript that qualify as Confidential or Highly Confidential by page and line number.

(d)      Responses to document requests, interrogatories and requests for admission may be designated Confidential or Highly Confidential by (i) so indicating in the response or (ii) separate written notification of such designation within twenty (20) days of service of the response.

(e)      In the case of electronic information, electronic mail, electronically stored documents or other electronic media, other than the documents described in paragraph 4(a) above, by affixing the legend "Confidential" or "Highly Confidential" to the exterior label of the storage media on which such electronic information, data or documents are produced.  With respect to all such documents, the Producing Party shall use a bates number prefix which differs from those set forth on the documents described in paragraphs 4(a) and 4(b) above.

5.    Discovery Material designated Confidential may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)    the parties that have appeared in the Action, and counsel who represent such parties, and members of their firms, and regular and temporary employees of such counsel (including outside copying services and outside litigation support services) necessary to assist in the conduct of the Action, for use in accordance with this Stipulation and Order for purposes of this Action only;

(b)    as set forth in paragraph 8 hereof, experts or consultants necessary to assist counsel for parties that have appeared in the Action to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, *provided that* such expert signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted hereunder.  Such undertakings shall be retained in the files of the counsel for the parties who have engaged such consultant or expert;

(c)    any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, *provided that* they (i) confirm their understanding and agreement to abide by the terms of this Stipulation and Order

6

by signing a copy of Exhibit A hereto or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order;

(d)     as set forth in paragraph 9 hereof, witnesses or deponents (other than witnesses and deponents covered by (e) below), whom a party believes in good faith will be aided by reviewing the document and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in the Action; *provided that* they (i) confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order;

(e)     the directors, officers, employees (including, but not limited to, inside counsel) and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in this Action, or who appear as witnesses or deponents;

(f)     the Court and its employees, pursuant to this Stipulation and Order;

(g)     court reporters employed in connection with the Action;

(h)     any mediator or arbitrator engaged by the parties to this Action; and

(i)     any other person only upon order of the Court or upon stipulation of the Producing Party.

7

6.   Discovery materials designated Highly Confidential may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)    the counsel who represent the parties that have appeared in the Action, and members of their firms, and regular and temporary employees of such counsel (including outside copying services and outside litigation support services) necessary to assist in the conduct of the Action, for use in accordance with this Stipulation and Order for purposes of this Action only;

(b)    as set forth in paragraph 8 hereof, experts or consultants necessary to assist counsel for parties that have appeared in the Action to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, *provided that* such expert signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Highly Confidential Discovery Material for purposes other than those permitted hereunder.  Such undertakings shall be retained in the files of the counsel for the parties who have engaged such consultant or expert;

(c)    the Court and its employees, pursuant to this Stipulation and Order;

(d)    any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document *provided that* they (i) confirm

8

their understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order;

> (e)     court reporters employed in connection with the Action;

> (f)     any mediator or arbitrator engaged by the parties to this Action; and

> (g)     any other person only upon order of the Court or upon stipulation of the Producing Party.

7.     To the extent that any Discovery Material contains any of the information set forth below in subparts (a) through (i) of this paragraph, and such Discovery Material is not otherwise designated as Highly Confidential under the terms of this Stipulation and Order, it shall nevertheless be treated as Highly Confidential Discovery Material, and will be filed with the Court or disclosed to any person not described in paragraph 6 above with the following information redacted or omitted:

> (a) Social Security numbers;

> (b) Names of minor children;

> (c) Names of family members of parties to the Litigation;

> (d) Dates of birth;

> (e) Financial account numbers (including bank account numbers);

> (f) Federal and state income tax filings;

> (g) Home addresses;

> (h) Home or private phone numbers; and/or

> (i) Information concerning an individual's medical condition.

Any document which has not been specifically designated as "Highly Confidential" but, pursuant to the terms of this paragraph 7, would be treated as Highly Confidential because it contains any of the information set forth in sub-paragraphs 7(a) – 7(i) above, does not have to be treated as Highly Confidential if the party seeking to use the document has redacted all of the information in the document which is set forth in sub-paragraphs 7(a) – 7(i) above.

8.  Notwithstanding anything contained in Paragraphs 5 or 6 above, Confidential Discovery Material and Highly Confidential Discovery Material may be provided to persons listed in Paragraph 5(b) and 6(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, provided that such expert or consultant are using said Confidential Discovery Material or Highly Confidential Discovery Material solely in connection with this Action and <u>further provided</u> that such expert signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material for purposes other than those permitted hereunder.  Such undertakings shall be retained in the files of the counsel for the parties who have engaged such consultant or expert.

9.  Every person given access to Confidential or Highly Confidential Discovery Material or information contained therein shall be advised that the

information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.  All persons listed in Paragraphs 5(d) above, may be given access to Confidential Discovery Material or information contained therein, only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order.  Accordingly, all persons who have received Confidential or Highly Confidential Information shall safeguard such information so as to avoid its disclosure to persons who are not eligible to receive that information.

10.  All documents of any nature, including any brief, memorandum, motion, letter or other document, all or part of which have been designated as Confidential or Highly Confidential (or treated as such pursuant to the terms of this Stipulation) that a party desires to file with the Court (a "Filing"), shall be filed with the Court under seal and shall be maintained under seal according to the terms of this Stipulation or as otherwise determined by the Court.  Any such filing shall be filed in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated April 2005, or as subsequently amended, which shall include, but is not limited to: (1) filing a cover sheet through CM/ECF indicating that the document is being filed under seal; (2) filing an unredacted hard copy of the sealed document with the Clerk's office with a cover page identifying that the document contains confidential information and is being filed under seal and pursuant to the Stipulation; and (3)

filing a redacted copy of the sealed document through CM/ECF for public inspection within five (5) days of the date of said filing.

11. Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a)     operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

(c)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

(d)     prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential or Highly Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

(e)     prejudice in any way the rights of a party to petition the Court for a modification of the terms of this Stipulation and Order to allow Discovery

Material produced in this Action, or information derived therefrom, to be used by any defendant in connection with any government investigation or proceeding;

(f)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(g)    prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(h)    operate or constitute a waiver of any attorney client, work product or other privilege.

12.  This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential or Highly Confidential Discovery Material for any purpose.

13.  If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel.  The party returning

such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14.  It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in the Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, or relief therefrom, by application to the Court on notice to the other parties hereto for good cause.

15.  The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.  In the event of disclosure of any Confidential Information or Highly Confidential Information to any person or other entity not authorized under the terms of this Stipulation and Order to have access to that information, the party responsible for having made, and any party having knowledge of, that disclosure shall inform counsel for the Designator, within a reasonable time not to exceed ten (10) days, of all information concerning the nature and circumstances of that disclosure.  The responsible party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of such information or materials is made by anyone, and each party shall cooperate in good faith in that effort.  Nothing in this paragraph shall limit any party's right to seek sanctions from the Court for violation of this Stipulation and Order.

16.  Each person to whom Confidential or Highly Confidential Information is made available under the terms of this Stipulation and Order, consents to jurisdiction of the Court to enforce the terms of this Stipulation and Order, including without limitation being held in contempt of court for violating its terms, including without limitation the entry of injunctive relief and/or damages for a violation of its terms.

17.  The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom.  Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons who have received Confidential or Highly Confidential Discovery Material shall, upon written request of the Producing Party, either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to counsel for the Producing Party.  Notwithstanding the prior sentence, counsel for the parties shall be entitled to retain their own court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential or Highly Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential or Highly

Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

18. If any party objects to the designation of Information as Confidential or Highly Confidential, the party shall state the objection in writing to counsel for the party making the designation and all parties shall make good faith efforts to resolve the dispute without intervention of the Court. In the event that the parties are unable to resolve the dispute, the Party disputing the designation may request appropriate relief from this Court. The burden of establishing that the Information has been properly designated as Confidential or Highly Confidential is on the Designating Party. The challenged designation shall remain in effect until changed by order of the Court or agreement of the Designating Party.

19. In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in the Action or any appeal therefrom, subject to the applicable Court rules, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

20. If any person receiving documents covered by this Stipulation and Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation (the "Subpoenaed Information"), seeking Discovery Material which was produced or designated as Confidential or Highly

Confidential by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile transmission or email within three (3) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the material Confidential or Highly Confidential and shall object to the production pursuant to Fed. R. Civ. P. 45, or any similar state court rule, and shall not produce the Subpoenaed Information unless compelled by legal process, or otherwise ordered by a court, or by agreement with the Producing Party. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiver or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Order.

21. If in the course of this Action discovery is sought from non-parties that would require such non-parties to produce and/or disclose Confidential or Highly Confidential Information, such non-parties may gain the protections of this Protective Order by simply agreeing in writing to produce documents pursuant to this Stipulation and Order and to be bound by it.

22. This Stipulation and Order shall be effective immediately upon entry by the Court and shall survive the conclusion of this Action.

Dated: April 11, 2007

|  | /s/ Theodore J. Tacconelli |
| --- | --- |
| Of Counsel for Plaintiff: | Theodore J. Tacconelli (I.D. No. 2678) |
|  | FERRY, JOSEPH & PEARCE, P.A. |
|  | 824 Market Street, Suite 904 |

Paul D. Wexler                        P.O. Box 1351
BRAGAR WEXLER & EAGEL,       Wilmington, Delaware 19899
PC                                   (302) 575-1555
885 Third Avenue, Suite 3040         (302) 575-1714 (Fax)
New York, New York 10022             ttacconelli@ferryjoseph.com
(212) 308-5858
wexler@bragerwexler.com              Attorneys for Plaintiff


Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY
    & BROITMAN, P.C.
250 Park Avenue
New York, NY 10177
(212) 681-0600
gostrager@ocfblaw.com


                                     /s/ Edward P. Welch
                                     Edward P. Welch (I.D. No. 671)
                                     Edward B. Micheletti (I.D. No. 3794)
                                     Nicole A. DiSalvo (I.D. No. 4662)
                                     SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM, LLP
                                     One Rodney Square
                                     P.O. Box 636
                                     Wilmington, Delaware 19899
                                     (302) 651-3170
                                     (302) 651-3001 (Fax)
                                     ewelch@skadden.com

                                     Attorneys for Nominal Defendant Affiliated
                                     Computer Services, Inc.

Of Counsel:

/s/ Harry Tashjian IV
Allen M. Terrell (I.D. No. 709)

William B. Dawson
Karen L. Hirschman
Matthew R. Stammel
VINSON & ELKINS L.L.P.
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: (214) 220.7700
Fax:  (214) 220.7716

Gregory P. Williams (I.D. No. 2168)
Lisa Z. Brown (I.D. No. 4328)
Harry Tashjian, IV (I.D. No. 4609)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P. O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700
(302) 496-7544
tashjian@rlf.com

Aitan D. Goelman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, D.C.  20036
Tel: (202) 778-1996
Fax: (202) 822-8106

Attorneys for Defendants Jeffery A. Rich and
Mark A. King

Attorneys for Jeffery A. Rich

Karen P. Seymour
Stephen Ehrenberg
Natalie N. Kuehler
Sylvia S. Shweder
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel:  (212) 558-4000
Fax: (212) 558-3588

Attorneys from Mark A. King

IT IS SO ORDERED, this __ day of _____, 2007.

_____
Chief Judge Sue L. Robinson

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY T. STRAUSS, derivatively on behalf of AFFILIATED COMPUTER SERVICES, INC., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 06-318 (SLR) |
| JEFFREY A. RICH, MARK A. KING, and AFFILIATED COMPUTER SERVICES, INC., | : : : : | |
| Defendants. | | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") in the above-captioned action.  I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Stipulation and Order.

DATED: _____    SIGNATURE: _____